<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN MAIORANO, R.Ph., | : | |
| Plaintiff, | : | Civil Action No.  04-2279 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TOMMY G. THOMPSON, SECRETARY | : | |
| OF THE UNITED STATES | : | |
| DEPARTMENT OF HEALTH | : | |
| AND HUMAN SERVICES, | : | |
| | : | |
| Defendant. | : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on the motion for summary judgment by Plaintiff John Maiorano ("Maiorano") and the cross-motion for summary judgment by Defendant Secretary of the United States Department of Health and Human Services ("HHS"), pursuant to FED. R. CIV. P. 56.   For the reasons set forth below, Plaintiff's motion will be denied; Defendant's cross-motion, construed as a motion for partial summary judgment as to Claim I and Claim VI, will be granted.

## <u>BACKGROUND</u>

Plaintiff was a licensed pharmacist when he pled guilty in a criminal case on September 13, 1999.  He surrendered his pharmacist's license.  On March 29, 2002, the United States Office of the Inspector General ("IG") sent Plaintiff a letter advising him that he would be excluded from participating in all federal health care programs for a minimum of ten years.  Plaintiff's license was reinstated by the New Jersey Board of Pharmacy on January 8, 2003.

On July 14, 2003, Plaintiff requested an appeal of his health care program exclusion.   On September 11, 2003, IG filed a motion with the HHS Departmental Appeals Board, seeking to dismiss Plaintiff's hearing request for untimeliness.  Plaintiff filed a brief in opposition on October 14, 2003.  The IG filed a reply brief on November 14, 2003.  On November 20, 2003, an HHS Administrative Law Judge issued a decision dismissing Plaintiff's hearing request as untimely.  On January 21, 2004, Plaintiff appealed this decision to the Appellate Division of the Departmental Appeals Board; the Appellate Division affirmed the decision of the Administrative Law Judge.  Plaintiff then filed the present action.

## LEGAL STANDARD

## I.     Summary Judgment

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 276 (3d Cir. 2001).

Federal Rule of Civil Procedure 56(c) provides, in relevant part,

"[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under

the substantive law, it would affect the outcome of the suit.  See Anderson, 477 U.S. at 248.  The moving party "cannot simply reallege factually unsupported allegations contained in his pleadings."  Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994).  The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.  See Celotex v. Catrett, 477 U.S. 317, 318 (1986); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81 (3d Cir. 1999).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.  See Sound Ship Bldg. Co. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976).  At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  See Anderson, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  See Wahl v. Rexnord Inc., 624 F.2d 1169, 1181 (3d Cir. 1980); Boyle v. Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998).  The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains.  See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

## <u>DISCUSSION</u>

**I.      Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment with two basic arguments: 1) the actions of HHS were arbitrary and capricious, in violation of 5 U.S.C. § 706(2)(A); and 2) the actions of HHS violated Plaintiff's Constitutional right to due process of law.  He also argues that the pertinent regulations were not adopted in accordance with the requirements of the Administrative Procedures Act.

**A.      <u>Did HHS violate 5 U.S.C. § 706(2)(A)?</u>**

*1.      Was the denial of a hearing arbitrary and capricious?*

Under 5 U.S.C. § 706, a reviewing court may set aside agency action that is arbitrary and capricious.  In brief, Plaintiff argues that HHS' refusal to hold an appeal hearing, on the ground of the untimeliness of his request, was arbitrary and capricious.  This is meritless, since HHS followed the applicable regulations, as required by law.  There appear to be two applicable regulations.  Under 42 C.F.R. § 1001.2007(b), "The excluded individual or entity has 60 days from the receipt of notice of exclusion provided for in § 1001.2002 to file a request for such a hearing."  Under 42 C.F.R. § 1005.2(c), "The request must be filed within 60 days after the notice . . ."

HHS acted in clear compliance with these regulations.  Plaintiff claims that he submitted a request for a hearing prior to receipt of the notice, but does not dispute that he did not submit a request in the several months after the receipt of the notice.  The meaning of 42 C.F.R. § 1005.2(c) is clear: "within 60 days after the notice" means "inside the time period that begins with the notice and ends 60 days later."  Plaintiff did not comply with this requirement.  HHS

4

denied his request accordingly.

Plaintiff is thus challenged to persuade this Court that an administrative agency's actions, performed in compliance with applicable regulations, are arbitrary and capricious.   The Supreme Court has explained that, in reviewing an agency decision under the arbitrary and capricious standard of 5 U.S.C. § 706, "a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned."   Alaska Dep't of Envtl. Conservation v. EPA, 540 U.S. 461, 497 (2004).  Here that test is met with ease.

Plaintiff's argument that an agency decision which follows a regulation is arbitrary and capricious is contrary to common sense.  Rather, it might have been arbitrary and capricious had HHS not followed its regulation.  See Ins v. Yueh-Shaio Yang, 519 U.S. 26, 32 (1996) (because the INS did not disregard its own rules, its action was not arbitrary or capricious).

Plaintiff next disputes how HHS has interpreted the word "filed" in the regulations.  This Court reviews an agency's interpretation of its own regulations with considerable deference.  The Supreme Court has held: "As we have often stated, provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." Stinson v. United States, 508 U.S. 36, 45 (1993).  This Court finds no basis to conclude that HHS made an interpretation of its regulation that was plainly erroneous or inconsistent with the regulation.  Its interpretation of the meaning of "filed" in its regulations controls.

Plaintiff's arguments do not recognize the highly deferential standard under which this Court reviews an agency action pursuant to 5 U.S.C. § 706.  Plaintiff argues at length that HHS has the statutory authority to make an exception to the regulations.  Even if true, this is irrelevant:

5

the fact that the agency might legally have taken a different action does not make the chosen action arbitrary or capricious under 5 U.S.C. § 706.

Finally, as a matter of fairness, Plaintiff does not persuade that he should prevail.  To the contrary, the regulations he objects to make orderly operation of a government agency possible. Plaintiff contends that he had written to request a hearing prior to receipt of the notice, and that this prior request should have been considered "filed" for purposes of the appeal regulations. This fails to appreciate the enormity of the task of managing paperwork within the large and complex bureaucracy that is the federal government.  When mountains of letters roll in, it is unreasonable to expect that, because Plaintiff knows he sent a letter before the proper time frame began to run, that the agency should know that too.  Regulations like 42 C.F.R. § 1005.2(c) are needed to make manageable the enormous administrative tasks assigned to the Department of Health and Human Services.  Filing rules benefit everyone, because they enable efficient response to the people who follow them.

2.     *Was the delay of the commencement date arbitrary and capricious?*

With brief treatment, Plaintiff also argues that the length of the delay before imposing the exclusions was arbitrary and capricious.  Plaintiff then mixes into this the idea that the combination of the delay and the exclusion period cause the total period to be of arbitrary and capricious length.  Plaintiff has not sufficiently developed these points to make them cognizable.

Moreover, the record before this Court contains few facts and little evidence to allow a judgment about whether a delay occurred and, if it did, why it happened.  This Court cannot decide whether the HHS caused a delay that was arbitrary and capricious with so little in the record about what happened and why.

6

In sum, Plaintiff has not persuaded this Court that the agency's actions, which, based on the present record, appear to have been fully in accord with sensible regulations, were arbitrary or capricious.

B.      Did HHS violate the Due Process clause?

Plaintiff claims, with little explanation, that HHS has violated his right to due process of law under the Fifth Amendment of the Constitution.[1]  As to the denial of a hearing, Plaintiff alleges that both the regulations HHS followed and the way in which HHS followed them violate the principle of fundamental fairness.  (Pl. Br. 26.)  This is simply too vague to show entitlement to judgment as a matter of law.

Plaintiff further claims that the regulation under which HHS determined the duration of the period of exclusion, 42 C.F.R. § 1001.102(c), offends fundamental fairness and violates his due process rights as well.  Here, Plaintiff argues that the regulation violates his due process rights because it does not require that HHS consider: 1) the opinion of the judge who sentenced Plaintiff; 2) the opinion of Plaintiff's probation officer; 3) statements from witnesses to Plaintiff's "contrition and rehabilitation."[2]  (Pl. Br. 30.)

Defendant responds that courts have consistently held that the applicable exclusion regulations are constitutional.  The Eight Circuit reviewed the case law on this issue and stated:

---

[1]Plaintiff's argument implicates procedural, not substantive, due process rights.

[2]Plaintiff tacks onto this an undeveloped argument that the exclusion period that results is punitive and raises a serious issue of double jeopardy.  Plaintiff will need to develop this argument before this Court is able to determine whether it entitles him to judgment as a matter of law.  Moreover, the Eleventh Circuit addressed this exact question in Manocchio v. Kusserow, 961 F.2d 1539, 1541 (11th Cir. 1992) and held that the exclusion period was remedial in nature, not punitive, and was not a violation of double jeopardy.

> [F]our of our sister circuits have reviewed due process challenges to exclusion of physicians from Medicare reimbursement. These decisions are unanimous in holding that the procedures established for exclusion are constitutionally sufficient. They are well-reasoned and need no further elaboration. Suffice it to say that the statutory review process provided in the administrative procedure Congress established is constitutionally sufficient.

Thorbus v. Bowen, 848 F.2d 901, 903-904 (8th Cir. 1988) (citations omitted). Plaintiff has not argued, no less persuaded, that the Eight Circuit's constitutional analysis is wrong.

Even if this Court were to examine the constitutionality of the exclusion regulations anew, Plaintiff has failed to perform the necessary analysis of the issues. The Supreme Court established the modern analysis of the Constitutional requirement of due process, in the context of deprivation of property interests, in Mathews v. Eldridge, 424 U.S. 319, 334-335 (1976). The Court articulated the three factors that must be considered to determine what process is due:

> [O]ur prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. The Supreme Court continues to rely on the Mathews analysis. See, e.g., Wilkinson v. Austin, 125 S. Ct. 2384, 2397 (2005) (applying the Mathews analysis to assess constitutional sufficiency of process); City of Los Angeles v. David, 538 U.S. 715, 716 (2003) (same). Plaintiff has not performed the analysis necessary for determination of the sufficiency, under the Due Process clause of the Constitution, of the exclusion regulations.

Moreover, even setting aside for the moment the Supreme Court's due process jurisprudence, as noted supra, Plaintiff has failed to persuade this Court that the HHS has been

fundamentally unfair to him.  Plaintiff makes a case that HHS has been strict and has shown him

little or no mercy, but he has shown neither that the actions of HHS, nor its regulations, are

offensive to traditional notions of fairness.

      C.      Did HHS violate 5 U.S.C. §§ 553(b),(c)?

Plaintiff argues that HHS did not issue the relevant regulations properly, in violation of 5

U.S.C. §§ 553(b), (c).  These provisions set forth procedural requirements for rule making by

federal agencies.  Plaintiff alleges facts about the history of the making of the relevant

regulations which, he contends, show a statutory violation, yet Plaintiff points to no evidence to

support these allegations.  (Pl. Br. 31.)  To prevail at summary judgment, the moving party must

show that if the evidentiary material of record were reduced to admissible evidence in court, it

would be insufficient to permit the non-moving party to carry its burden of proof.  See Celotex,

477 U.S. at 318.  As the record contains no evidentiary material at all on the matter of what

procedure HHS followed in issuing the regulations, Plaintiff has not met the requirements of

Celotex.

**II.**      **Defendant's Cross-Motion for Summary Judgment**

Defendant filed a cross-motion for summary judgment that asks this Court to affirm the

decision of the Secretary of HHS because it is supported by substantial evidence and in

accordance with law.   The cross-motion does not otherwise specify its scope or identify specific

claims in the Complaint.  This Court is thus called upon to interpret Defendant's brief to identify

which claims or issues raised in the Complaint are targeted by Defendant's particular arguments.

Defendant's brief does not address:

      1.      The claims which challenge the legality of the regulations: Claim II (HHS

regulations not in accordance with the authorizing statute), Claim IV (regulations not adopted in accordance with the Administrative Procedures Act), Claim V (regulations are arbitrary and unreasonable), and Claim VIII (the regulations are arbitrary and capricious).

2.      The claims which challenge the exclusion period itself: Claim III (the date of commencement of the exclusion period is arbitrary and capricious) and Claim VII (regarding duration of exclusion period).

This Court determines that Defendant's cross-motion addresses only the claims in Plaintiff's Complaint directed to the act of decision by the Secretary of HHS, in which HHS denied Plaintiff's request for a hearing, and thus construes it as a cross-motion for partial summary judgment as to Claim I and Claim VI of the Complaint.

    A.      Did HHS act in accordance with the law in denying the request for a hearing?

Defendant seeks summary judgment as to whether the Secretary's decision to deny Plaintiff's hearing request was in accordance with the law.  Defendant has chosen wording that does not duplicate the wording that Plaintiff used in his Complaint to frame the legal issues. Claim I of the Complaint asserts that the decision of HHS to deny his hearing request was 1) arbitrary and capricious; 2) contrary to law; and 3) unreasonable.  This Court interprets Defendant's framing of the issue – the decision is in accordance with the law – to encompass the issues stated by Plaintiff in Claim I.

This Court finds no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law.  The pertinent issues have been examined above.  The gist of Plaintiff's Claim I argument is that HHS' interpretation of its own regulations was arbitrary and

10

capricious.  Setting the question of interpretation aside, Plaintiff does not assert that HHS'

decision was contrary to the applicable regulations.  Under the highly deferential standard of

review which this Court must use, this Court finds no basis to conclude that HHS made an

interpretation of its regulation that was plainly erroneous or inconsistent with the regulation.

This Court finds that the Secretary's decision to deny Plaintiff's hearing request was in

accordance with the law.  Defendant's cross-motion for partial summary judgment, as to Claim I,

will be granted.

      B.     <u>Did HHS violate Plaintiff's right to due process of law in denying the hearing?</u>

      Defendant also seeks summary judgment as to Plaintiff's claims for violation of the due

process clause.  This corresponds to Claim VI in Plaintiff's Complaint, which claims that the

denial of a hearing constitutes deprivation of liberty and property without due process of law.  As

discussed <u>supra</u>, Plaintiff's due process arguments are insufficient to show entitlement to

judgment as a matter of law.  Defendant's cross-motion argues, briefly, that: 1) a number of

courts have found the relevant regulations constitutionally valid; and 2) Plaintiff's problem was

caused by his own failure to follow the rules, not by any violation of his right to due process of

law.  In response, Plaintiff's brief purports to offer a due process argument but, instead, argues

the applicability of the excessive fines clause of the Eighth Amendment to the Constitution.  In

the final page of the due process section of the brief, Plaintiff turns to the issue of due process,

but fails to address Defendant's two arguments.  As a result, Defendant's two arguments for

summary judgment stand unrebutted.

      On the question of whether the denial of a hearing violated Plaintiff's right to due process

of law, this Court finds no genuine issue as to any material fact and that Defendant is entitled to

judgment as a matter of law.  Defendant's cross-motion for partial summary judgment, as to Claim VI, will be granted.

## **CONCLUSION**

For the reasons stated above, this Court finds that Plaintiff has not shown that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  Plaintiff's motion for summary judgment is denied.  Defendant has shown that it is entitled to judgment as a matter of law as to Claim I and Claim VI of the Complaint. Defendant's cross-motion for summary judgment, construed as a motion for partial summary judgment as to Claim I and Claim VI, is granted.

  S/Joseph A. Greenaway, Jr.                          
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: March 15, 2006