NOT FOR PUBLICATION                                CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MAIORANO, R.Ph., <br><br> Plaintiff, <br><br> v. <br><br> TOMMY G. THOMPSON, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Civil Action No. 04-2279 (SDW) <br><br><br> OPINION <br><br><br><br> February 1, 2008 |

**WIGENTON**, District Judge.

Before the Court is Defendant Tommy G. Thompson's, Secretary of the United States Department of Health and Human Services ("Thompson"), Motion for Summary Judgment (the "Motion"), pursuant to Fed. R. Civ. P. 56(c). This Motion is in response to Plaintiff John Maiorano's ("Maiorano") appeal pursuant to 42 U.S.C. § 1320a-7(f) (incorporating 42 U.S.C. § 405(g) by reference) for review of an administrative law judge's decision denying Maiorano's hearing request. The Court, having considered the parties' submissions and having decided the matter without oral argument pursuant to Fed. R. Civ. P. 78(b), and for the reasons set forth below, **GRANTS** Defendant's Motion.

1

**I.     JURISDICTION AND VENUE**

This Court has jurisdiction to review final decisions of the Secretary ("Secretary") of the United States Department of Health and Human Services ("HHS") under 42 U.S.C. § 1320a-7(f) (incorporating by reference 42 U.S.C. § 405(g)).  Venue is proper under 28 U.S.C. § 1391(b).

**II.    BACKGROUND FACTS**

Maiorano pleaded guilty on September 13, 1999 to a conspiracy to defraud the United States stemming from his illicit involvement with the sale of drug samples to the public for profit. (Pl.'s Compl. 2.)  This Court sentenced Maiorano to four months imprisonment plus home confinement, community service, three years of probation, and also revoked his pharmacist license and disqualified him from participation in New Jersey's Medicaid program. (Pl.'s Mem. in Opp'n to Def's Mot. for Summ. J. 3; Def.'s Answer Attach. 3-3.)

On March 29, 2002, the Inspector General ("IG") notified Maiorano that he would be excluded from participating in Medicare, Medicaid, and all federal health care programs for ten years. (Def.'s Answer Attach. 3-3.)  The IG explained that the period of exclusion was longer than the five-year minimum because of three aggravating circumstances: the acts leading to conviction were committed over a period of more than a year, the sentence included incarceration and the existence of additional adverse action in the form of the license revocation.  Id.

Maiorano did not timely request a hearing on the IG's exclusion decision within 60 days after the notice was sent as required by 42 C.F.R. § 1005.2(c).  Maiorano v. Thompson, No. 04-2279, at 4 (D.N.J. Mar. 17, 2006).  Maiorano's request for a hearing was not sent until July 14, 2003.  On September 11, 2003, the IG filed a motion to dismiss Maiorano's untimely hearing request. (Def.'s Answer Attach. 3-3.)

2

On November 20, 2003, the United States Health and Human Services Departmental Appeals Board ("DAB") Administrative Law Judge ("ALJ") Alfonso J. Montano ("Montano"), dismissed Maiorano's hearing request as untimely under 42 C.F.R. § 1005.2(c). Id. On January 21, 2004, Maiorano appealed Judge Montano's decision to the Appellate Division of the DAB, which affirmed the decision. Id.

Maiorano subsequently filed an eight count appeal with this Court on March 15, 2006. Judge Joseph A. Greenaway, Jr. ("Greenaway") awarded summary judgment to Thompson on Maiorano's claims that ALJ Montano's decision was arbitrary and capricious, and that he was denied due process. Maiorano's six remaining claims are decided herein.

## III. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant; it is material if under the substantive law, it is outcome-determinative. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant has the initial burden to demonstrate that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). The movant must "present a factual scenario without any unexplained gaps." Nat'l State Bank v. Fed. Reserve Bank of New York, 979 F.2d 1579, 1581 (3d Cir. 1992). Moreover, where the movant is the defendant, or the party that does not have the burden of proof on the underlying claim, it "has no obligation to produce evidence negating its opponent's case." Id. Rather, the movant

can simply "point to the lack of any evidence supporting the non-movant's claim." Id. Once the movant has carried its burden under Rule 56(c), the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(c); Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the opposing party fails to do so, "summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e). In determining whether there is a genuine issue of material fact, the Court may not weigh the evidence or determine the truth in the matter. Anderson, 477 U.S. at 249. Moreover, the Court must draw all reasonable inferences in favor of the non-movant. Id. at 255.

**B.  Agency Decision**

The standard of review when a court is reviewing an agency decision is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. That act allows this Court to "hold unlawful or set aside agency action, findings, and conclusions" including those found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law . . . [or] unsupported by substantial evidence." 5 U.S.C. § 706(2).

The relevant arbitrary and capricious standard asks whether "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

Under the rule articulated in Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984), the Court must first determine if Congress has directly spoken to the question at issue. Robert Wood Johnson Univ. Hosp. v. Thompson, 297 F.3d 273 (D.N.J. 2002). If the intent of Congress is clear, the inquiry ends and the Court "must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 843. If the Court decides Congress has not directly spoken to the issue and that "the statute is silent or ambiguous with respect to the specific issue," it must inquire whether the agency's interpretation is based on a "permissible construction of the statute." Id. If the Court finds it is, it must give great deference to the agency's interpretation. If Congress "explicitly left a gap for an agency to fill . . . a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." Id. at 843-44.

## IV.   DISCUSSION

Thompson moves for summary judgment based on two theories: (1) the Secretary's rules governing the filing of requests for review of exclusion decisions are reasonable and not arbitrary or capricious, and are in accordance with the Social Security Act ("SSA") and the APA, and (2) Maiorano's remaining claims are not ripe for review as the Secretary never rendered a substantive decision on their merits.

### A.   Thompson is Entitled to Summary Judgment on Maiorano's Procedural Compliance Claims

*1.   HHS's regulations reasonably interpret, and are in accordance with, the SSA*

The Secretary's rules setting a 60-day period for requesting an exclusion hearing are a reasonable interpretation of the authorizing statute, § 1128(f) of the SSA (42 U.S.C. § 1320a-

7(f)). The SSA requires that any request for a hearing to review an adverse decision by the Commissioner "**must** be filed within sixty days after notice of such decision is received." 42 U.S.C. § 1320a-7(f) incorporating by reference 42 U.S.C. § 405(b) (emphasis added).[1] When a hearing request is not timely filed, the presiding ALJ is directed to dismiss the request as a matter of law under 42 C.F.R. § 1005.2(e)(1). The 60 day requirement in 42 U.S.C. §§ 1320a-7(f) and 1005.2(e)(1) parallels the requirement in 42 C.F.R. § 1005.2(c) which has previously been interpreted by this Court to mean that the notice must be filed "inside the time period that begins with the notice and ends 60 days later." Maiorano, No. 04-2279, at 4. It is therefore proper to dismiss an administrative review hearing request when the request was not timely filed within the requisite 60 day period, and the rule was adopted in accordance with the authorizing statute.

2.  *HHS's regulations are not arbitrary or capricious*

The absence of a good cause exception to a strict filing deadline does not make the regulation unreasonable, arbitrary or capricious. Although there is a good cause exception for denial of benefits appeals under 20 C.F.R. § 404.911, such an exception does not require a good cause exception be fashioned for exclusionary appeals under 42 U.S.C. §§ 405(b), 1320a-7(f). As previously explained by Judge Greenaway in his prior decision, "Maiorano's arguments do not recognize the highly deferential standard under which this Court reviews an agency action pursuant to 5 U.S.C. § 706," so that even if an agency may have legally taken a different action

---

[1] Maiorano suggests that 42 U.S.C. § 405(g) is the applicable provision, but that is true only for review following a hearing. As Maiorano missed the deadline for requesting a hearing, 42 U.S.C. § 405(g) is inapplicable on the current facts.

that doesn't make the chosen action arbitrary or capricious. <u>Maiorano</u>, No. 04-2279, at 5-6.[2] As previously found, the decision to dismiss untimely review requests must be upheld, for such rules and decisions make "orderly operation of a government agency possible." <u>Maiorano</u>, No. 04-2279 at 6.

Maiorano's claim that 42 C.F.R. §§ 1001.101 <u>et seq</u>. arbitrarily and capriciously limits the consideration of relevant facts is equally without merit. The Secretary's decision to impose strict exclusion rules is reasonable and based on a permissible construction of the authorizing statute, 42 U.S.C.A. § 1320a-7. Even assuming the statute was ambiguous with regard to strict exclusions, this Court finds the agency's regulation to be a permissible construction of the statute, and that the agency's decision is entitled to substantial deference under the Court's narrow scope of review. <u>Robert Wood Johnson</u>, 297 F.3d at 281. The agency's decision is therefore upheld as valid.

3.    *HHS's regulations were adopted in accordance with the APA*

The Secretary's regulations on timely filing were adopted according to the APA's notice and comment requirements of 5 U.S.C. § 553(b). The Secretary satisfied the notice requirement when he informed the public on April 2, 1990 of proposed rules regulating exclusion determinations. Amendments to OIG Exclusion and CMP Authorities, 55 Fed. Reg. 12205-02 (proposed Apr. 2, 1990) (codified at 42 C.F.R. § 1001 et. seq.). The notice included a public

---

[2] Furthermore, even if the good cause exceptions of 20 C.F.R. § 404.911 were applicable to exclusionary appeals, Maiorano would not satisfy their requirements. 20 C.F.R. § 404.911 is reserved for reasons such as serious illness, good faith action during the time period but nonetheless missing the deadline, misinformation from HHS, or other unusual circumstances. Maiorano's simple failure to submit his material before the deadline does not satisfy the enumerated good faith exceptions. Moreover, as explained in Part IV(B)(1) of this opinion, this Court's power to review agency rulings does not include the power to exercise administrative functions. <u>Fed. Power Comm. v. Idaho Power Co.</u>, 344 U.S. 17, 21 (1952).

comment and review period. Id. Rules regulating hearings before an ALJ and exclusionary appeals under 42 C.F.R. §§ 1001.2007 and 1005.2 were included in this notice and comment period. Id. As such, the 5 U.S.C. § 553 notice and comment requirement was satisfied for the 60 day filing window for review requests.[3]

Maiorano claims that 42 C.F.R. §§ 1005.2 and 1001.2007 were signed by HHS Secretary Louis W. Sullivan ("Sullivan") after his authority expired, and therefore, are invalid. Maiorano's assertion is incorrect as the regulations at issue were finalized on January 29, 1992, almost a full year before Sullivan's term expired. Amendments to OIG Exclusion and CMP Authorities, 55 Fed. Reg. 12205-02; U.S. Dep't of Health and Human Servs. Historical Highlights, www.hhs.gov/about/hhshist.html (last visited February 1, 2008). The Secretary has authority under 42 U.S.C. § 1302(a) to make rules for the efficient administration of the agency, including exclusion rules like 42 U.S.C. 1320a-7. Thus, the regulations were given the requisite notice and comment period, and were validly signed into law by the Secretary.

### B. Thompson is entitled to Summary Judgment on Maiorano's Substantive Exclusionary Period Claims

*1. Maiorano's claims challenging his exclusion period are prima facie procedurally barred*

This Court only has authority under 42 U.S.C. § 1320a-7(f) to review final Secretarial decisions. The Secretary's final ruling in this matter was made solely on the procedural ground that Maiorano missed the filing deadline, and thus, was not entitled to an exclusionary hearing.

---

[3] As explained in Part IV(A)(2) of this opinion, the Secretary is given substantial deference and was not required to include a good cause exception to the 60-day period although he had the authority to include one.

In his appeal to this Court, Maiorano's counts III and VII raise substantive questions about the exclusion period's application and duration. (Pl.'s Compl. 11, 17.) As the Secretary did not rule on these substantive claims, this Court is without jurisdiction to rule on these claims. Fed. R. Civ. P. 12(h) (subject matter jurisdiction may not be waived). The Court's power to review an agency's administrative decisions does not include the power to exercise administrative functions. Fed. Power Comm. v. Idaho Power Co., 344 U.S. 17, 21 (1952). Consequently, even if this Court were to find that ALJ Montano erred in denying Maiorano's request for an exclusionary hearing, his substantive claims would require remand to HHS for final adjudication. The Court is not empowered to render judgment on these claims. ALJ Montano's decision, however, is sustained and Maiorano's substantive claims are thus dismissed as moot.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) is hereby **GRANTED**. Plaintiff's Complaint is dismissed in its entirety with prejudice and the Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.